## J. B. MARTIN v. COMMONWEALTH.

**Criminal Law—Indictment.**
> After verdict and judgment of conviction in a criminal case the indictment should be construed literally to sustain the finding of the jury.

**Bill of Exceptions.**
> It is necessary not only that the judge sign the bill of exceptions, but that it shall be filed with the pleadings as a part of the record. Unless it is so filed it does not become a part of the record.

### APPEAL FROM ADAIR CIRCUIT COURT.

September 25, 1875.

OPINION BY JUDGE LINDSAY:

We cannot say that the indictment in this case does not state facts constituting a public offense. After trial, verdict and judgment, the indictment is to be construed liberally to sustain the finding of the jury. In this case it is averred by the commonwealth, that the defendant represented to Winfrey, Bradshaw and others, certain things as existing facts, and that by and through such representations he obtained in money one hundred dollars. It is further averred that he intended by such representations to perpetuate a fraud upon said parties, and charged that the statements made were untrue, and so known to be by defendant at the time they were made. We may also infer from the indictment that the Bank of Columbia had been robbed, and that the parties defrauded were interested, either as stockholders in said bank, or as citizens desirous of suppressing crime in having the robbers brought to justice.

The action of the court below in overruling the motion in arrest of judgment in this case is not a ground for reversal. We cannot inquire into the remaining questions raised in the argument; there is no bill of exceptions in the record.

There is a paper copied which seems upon its face to have been intended for a bill of exceptions; but there is no order of court directing it to be filed. It is necessary not only that the judge shall sign the bill of exceptions, but that it shall be filed with the pleadings as part of the record. Sec. 367, Civil Code of Practice. Unless it be so filed, it does not become part of the record, and the clerk, in making out a transcript for this court, has no legal authority to copy it. As the paper in question was improperly copied into the record before us, we cannot take notice of its contents.

The judgment appealed from must be *affirmed.*

*Winfrey & Winfrey for appellant. T. E. Moss, for appellee.*